**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELLIOT MCGUCKEN, an individual<br><br>Plaintiff,<br><br>v.<br><br>EAT THIS, LLC d/b/a "EAT THIS, NOT THAT!", a Delaware limited liability company; GALVANIZED BRANDS, LLC d/b/a "GALVAN!ZED", a Pennsylvania limited liability company; GALVANIZED MEDIA, LLC, a Delaware limited liability company; SHUTTERSTOCK, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 1:26-cv-06744<br><br>**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

Plaintiff, Elliot McGucken ("McGucken"), by and through his undersigned attorneys, hereby prays to this honorable court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial District and have conducted substantial business in this judicial district.

4. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here, and because Defendants reside in this District and/or may be found in this District.

## PARTIES

5. Elliot McGucken is an individual residing in Los Angeles County.

6. McGucken alleges on information and belief that Defendant Eat This, LLC is a Delaware limited liability company doing business as "Eat This, Not That!" ("Eat This"), that owns and operates the website, *www.eatthis.com*, and does business in and with this District, including through its consent to New York law and the exclusive jurisdiction of New York courts for all legal actions related to its Terms of Service.

7. McGucken alleges on information and belief that Defendant Galvanized Brands, LLC is a Pennsylvania limited liability company doing business as "Galvanized," that manages Eat This and does business in and with this District, including through its consent to New York law and the exclusive jurisdiction of New York courts for all legal actions related to its Terms of Service.

8. McGucken alleges on information and belief that Defendant Galvanized Media, LLC is a Delaware limited liability company (collectively with Galvanized Brands, LLC "Galvanized"), that manages Eat This and does business in and with this District.

9. McGucken alleges on information and belief that Defendant Shutterstock, Inc. ("Shutterstock") is a Delaware corporation doing business in and with New York, including through its offices at 350 5th Avenue, New York, New York 10118.

10. McGucken alleges on information and belief that Defendants DOES 1 through 10, inclusive (collectively with Eat This, Galvanized, Galvanized Media, and Shutterstock, "Defendants"), are other parties not yet identified who have infringed McGucken's copyright, have contributed to the infringement of McGucken's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOES 1 through 10 are presently unknown to McGucken, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

11. McGucken alleges on information and belief that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of McGucken's rights and the damages to McGucken proximately caused thereby.

**CLAIMS RELATED TO MCGUCKEN'S PHOTOGRAPH**

12. McGucken is an accomplished and critically acclaimed landscape photographer. His works have appeared in The Smithsonian Magazine, The National Parks Magazine, and other fine arts publications. He has authored numerous books and won over 100 photographic awards.

13. McGucken created and owns the original landscape photograph shown below (the "Subject Photograph"):

| **Subject Photograph** |
| --- |
|  |

14. McGucken is the sole and exclusive owner of all copyrights in and to the Subject Photograph.

15. Prior to the acts complained of herein, McGucken registered the Subject Photograph with the United States Copyright Office.

16. McGucken routinely published the Subject Photograph with copyright management information identifying and crediting McGucken as its author.

17. McGucken alleges on information and belief that Defendants, and each of them, willfully copied, reproduced, publicly displayed, and distributed the Subject Photograph for commercial benefit without authorization, including by reproducing and displaying the Subject Photograph on the website, *www.eatthis.com,* which Eat This and Galvanized own, operate, control, and/or maintain ("Infringing Use"). A true and correct screen capture of the Infringing Use and its accompanying URL is depicted below:

**Infringing Use**

**URL:** https://www.eatthis.com/news-fish-salmon-recall-november-2021/



18. The above exemplar is not meant to encompass all Infringing Use; the claims made herein are to any image displayed, published, licensed, distributed, and/or sold by Defendants that incorporates without permission, in whole or in part, the Subject Photograph.

19. McGucken alleges on information and belief that Shutterstock is an online stock photography seller and licensor with an extensive history of copyright infringement.

20. McGucken alleges on information and belief that Shutterstock has unlawfully offered for sale and licensed hundreds of McGucken's own original photographs without his authorization or consent and profited from the sale of over 900 said licenses.

21. McGucken alleges on information and belief that Shutterstock distributed the Subject Photograph to Galvanized and Eat This without McGucken's authorization or consent.

22. McGucken has never authorized Defendants, or any of them, to copy, reproduce, distribute, create derivative works from, or otherwise exploit the Subject Photograph.

23. On October 6, 2023, McGucken, through his undersigned attorneys, sent Galvanized and Eat This a letter notifying them of their infringement and demanding that they cease and desist from all Infringing Use of the Subject Photograph. Galvanized and Eat This directed McGucken's counsel to correspond further with Shutterstock. After a brief correspondence, Shutterstock ceased responding to McGucken's efforts to resolve this matter without litigation, necessitating this action.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each of Them)**

24. McGucken repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs.

25. McGucken alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph through one or more sources, including, without limitation, from Shutterstock's unlawful exploitation of the photograph, and from McGucken's websites, social media accounts, online profiles, and other online features; online publications and press coverage featuring McGucken's work; books and other print publications; third-party websites; and other publicly available online sources. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Use.

26. McGucken alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph online for commercial benefit and without McGucken's authorization, including on Galvanized and Eat This's website, *www.eatthis.com*, as depicted above, and in Shutterstock's unlawful offer for license, licensing, and distribution of the Subject Photograph.

27. Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

28. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph in an amount to be established at trial.

29. McGucken alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory

damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses. Within the time permitted by law, McGucken will make his election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each of Them)**

30. McGucken repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs.

31. McGucken alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing the Subject Photograph obtained from third parties that Defendants knew, or should have known, were not authorized to publish or license the Subject Photograph.

32. McGucken alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Use, and were able to supervise the distribution and publication of the infringing content including through Galvanized supervision and control of Eat This and Shutterstock's provision of the Subject Photograph to Galvanized and Eat This, unlawfully authorizing their exploitation of the Subject Photograph for profit.

33. Due to Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered general and special damages in an amount to be established at trial.

34. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

35. McGucken alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses. Within the time permitted by law, McGucken will make his election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, McGucken prays for judgment as follows:

### Against all Defendants, and Each of Them:

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing McGucken's copyright in the Subject Photograph, including, without limitation, an order requiring

Defendants, and each of them, to remove the Subject Photograph from any online publication, article, advertisement, website, or other publication owned, operated and controlled by any Defendants;

b. That McGucken be awarded all profits of Defendants, and each of them, plus all losses of McGucken, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under 17 U.S.C. § 504, and other applicable law;

c. That a constructive trust be entered over any revenues or proceeds realized by Defendants, and each of them, through their infringement of McGucken's rights;

d. That McGucken recover his attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505;

e. That McGucken be awarded his costs and fees under the statutes set forth above;

f. That McGucken be awarded pre- and post-judgment interest as permitted by applicable law; and

g. That McGucken receive such legal and equitable relief as the Court deems proper.

**JURY DEMAND**

McGucken demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 18, 2026

By: */s/ David Michael Stuart Jenkins*

David Michael Stuart Jenkins, Esq.
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor

New York, New York 10038
(310) 590-1820
djenkins@donigerlawfirm.com
scott@donigerlawfirm.com
*Attorneys for Plaintiff*